AUGUSTA STETTNISCHE, APPELLANT, v. WILLIAM LAMB, APPELLEE.

Report of Referee.    A cause was referred to a referee, for the purpose of taking testimony and reporting certain facts thereon to the court.    Testimony was taken, and the referee made his report.    After the report was filed, exceptions were filed thereto, together with a motion to set the report aside.    In support of and opposition to these motions, affidavits were filed, by which it became apparent that there was a clear misunderstanding between the referee and counsel at the time the evidence was taken, and that, by reason of such misunderstanding, one party to the action was prevented from introducing his testimony. *Held*, That notwithstanding the referee acted in good faith, the report would be set aside.

MOTION to set aside report of referee.

*L. W. Colby*, for the motion.

*J. B. Archibald, contra.*

REESE, CH. J.

This action originated in the district court of Gage county, and was for the purpose of canceling certain tax deeds on the property described in the petition.    The cause was tried in the district court, and plaintiff being unsuccessful, she appealed to this court.

The cause was submitted and decided, the opinion being found in 18 Neb., 619.    Subsequent to that decision, a motion was filed in this court seeking the appointment of a referee, for the purpose of determining the amount of taxes due defendant, and the amount of rents due plaintiff. Such proceedings were had as resulted finally in the appointment of the Hon. J. C. Crooker as such referee.    The report of the referee was filed in this court on the 12th day of October, 1887.    Soon thereafter, exceptions were

filed to the report of the referee. Also a motion was filed to set it aside. The motion consisted of charges of misconduct on the part of the referee, for refusing to allow defendant to put in his testimony before the making of the report. Other questions are raised by the exceptions and motion, which need not be now considered. We have neither time nor disposition to set out in detail the contents of the affidavits filed in support of and in opposition to the motion to set aside the report. It must be sufficient to say that, beyond any question, there was a clear misunderstanding between the referee and the attorneys for defendant. There is no doubt that, at the time the referee took the testimony, which has been reported by him, he fully understood that the attorneys for defendant had no further testimony to offer, and so believing closed the case and returned to Lincoln from Beatrice, where he had been hearing the case. It is quite clear that while the testimony on the part of plaintiff was being taken, and upon its completion, counsel for defendant believing that an opportunity would be offered to introduce their testimony, absented themselves from the presence of the referee for a short time for the purpose of calling their witnesses, and perhaps consulting with them, and while laboring under this mutual mistake, the referee left Beatrice and returned to Lincoln. In order that a full examination of such questions as should be properly submitted to the referee may be had, the report of the referee is set aside.

ORDER ACCORDINGLY.

THE other judges concur.